James E. Goodley
Ryan P. McCarthy*
Goodley McCarthy LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com
*Counsel for Plaintiff*
*\* Pro hac vice Application Forthcoming*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MANUEL FERNANDEZ,** | : |
| **Plaintiff,** | : Case No.: |
| v. | : |
| | : Complaint |
| **ASTRA HOME CARE, INC., d/b/a "True Care Home Health"** | : |
| **MICHAEL WERZBERGER** | : |
| **REBECCA ROSENWEIG** | : |
| **Defendants.** | : |

### ORIGINAL COMPLAINT

Plaintiff Manuel Fernandez (collectively "Plaintiff" or "Fernandez") brings this Complaint against Defendant Astra Home Care, Inc., d/b/a True Care Home Health Care ("Astra"), Michael Werzberger ("Werzberger"), and Rebecca Rosenweig ("Rosenweig" and together with Astra, "Defendants"), seeking all available relief under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law, Art. 6 ("NYLL").

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 28 U.S.C. § 1331.

2. Jurisdiction over any state law claims is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District. Defendant Astra is headquartered in this District.

## PARTIES

4. Plaintiff Manuel Fernandez is an adult individual residing in New York, New York. Plaintiff Fernandez was employed by Defendants from approximately July 2016 to approximately December 2020. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented to be a party plaintiff in this action. See Ex. A.

5. Defendant Astra Home Care, Inc., True Care Home Care ("Astra") is a New York Corporation operating throughout New York City, including in this District. Astra maintains its corporate headquarters in Brooklyn, New York.

6. Defendant Michael Werzberger ("Werzberger") is a shareholder and officer of Defendant Astra and resides in Brooklyn, New York. Defendant Werzberger was responsible for the payroll violations alleged in this Complaint and exercised supervisory authority over Plaintiff.

7. Defendant Rebecca Rosenweig ("Rosenweig" and collectively with Werzberger, "Individual Defendants") is a shareholder and officer of Defendant Astra and resides in New York, New York. Defendant Rosenweig was responsible for the payroll violations alleged in this Complaint and exercised supervisory authority over Plaintiff.

8. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9. Defendants' annual gross volume of business exceeds $500,000.

**FACTS**

10. Defendant Astra employs Home Health Aides such as Plaintiff throughout New York City.

11. Plaintiff Fernandez was employed by Defendant Astra as a Home Health Aide from approximately July 2016 through approximately December 2020.

12. During the entirety of his employment, Plaintiff Fernandez typically worked well in excess of 40 hours per workweek: approximately 72 hours per week, 18 hours per day, 4 days per week.

13. Plaintiff Fernandez was paid approximately the state minimum wage for 13 of his 18 work hours per day, which in New York City ranged from approximately $11 per hour to $15 per hour during his tenure. During 5 of his 18 daily working hours (which was during overnight hours in which he worked in his client's home), Plaintiff Fernandez was not paid any compensation. During these hours, Plaintiff Fernandez was required to (and did) monitor his patient (who had severe Alzheimer's Disease) to make sure the patient did not leave the home and assisted this patient with using the bathroom, bathing and with other basic living functions. Plaintiff did not typically sleep for 5 uninterrupted hours a night on workdays.

14. Plaintiff Fernandez was never paid a spread-of-hours payment, though he did work more than 10 hours each day.

**COUNT I**
**UNPAID OVERTIME, 29 U.S.C. § 207**
**(Plaintiff v. Defendants)**

15. All previous paragraphs are incorporated as though fully set forth herein.

16. The FLSA requires that covered employees be compensated for all hours worked over 40 in a workweek at a rate of not less than 150% of their applicable "regular" hourly rate,

3

Case 1:22-cv-04527 Document 1 Filed 08/02/22 Page 4 of 7 PageID #: 4

which may not be less than any applicable state or federal minimum wage ("Overtime Rate"). *See* 29 U.S.C. § 207(a); 29 C.F.R. 778.5 ("Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum, for the words 'regular rate at which he is employed' as used in section 7 must be construed to mean the regular rate at which he is lawfully employed.").

17. During all relevant times, Defendants were each an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. Defendants are subject to the wage requirements of the FLSA because they are each an "employer" under 29 U.S.C. § 203(d).

18. During all relevant times, Plaintiff Fernandez was a covered employee of Defendants, and as such was entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

19. Plaintiff Fernandez is not exempt from the requirements of the FLSA. Plaintiff Fernandez is entitled to be paid at Overtime Rate for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

20. Defendants failed to comply with 29 U.S.C. § 207(a)(1) by failing to compensate Plaintiff Fernandez at Overtime Rate for all hours worked over forty (40) in a workweek.

21. Defendants knowingly failed to compensate Plaintiff Fernandez at the Overtime Rate for all hours worked in excess of forty (40) hours per workweek at the mandatory minimum regular rate of pay (New York minimum wage), in violation of 29 U.S.C. § 207(a)(1).

22. Defendants also failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine Plaintiff's wages, hours, and other conditions of employment in violation

4

of the FLSA.  29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

23. As the individuals responsible for the illegal payroll practices described herein and possessing supervisory authority over Plaintiff, Defendant Werzberger and Rosenweig may be held individually liable under the FLSA.

24. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

25. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who fail to pay an employee wages in conformance with the FLSA, shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

<u>COUNT II</u>
**UNPAID MINIMUM, OVERTIME WAGES AND SPREAD OF HOURS, NYLL § 663**
**(Plaintiff v. Defendants)**

26. All previous paragraphs are incorporated as though fully set forth herein.

27. The New York Minimum Wage Act, NYLL §§ 650, *et seq*., empowers the New York State Commissioner of Labor to implement regulations entitling employees to overtime premium pay. *See generally Rocha v. Bakhter Afghan Halal Kababs, Inc*., 44 F. Supp. 3d 337, 352-59 (E.D.N.Y. 2014). Pursuant to this authority, the Commissioner has enacted a regulation that mirrors the FLSA's mandate that employees receive overtime premium compensation calculated at 150% of their regular pay rate for each hour worked over 40 in a week. *See* 12 N.Y.C.R.R. § 142-2.2.

28. At all relevant times as alleged herein, Plaintiff Fernandez was employed by Defendants within the meaning of NYLL § 651(5), and as such was entitled to the above-described NYLL protections.

29. As the individuals responsible for the illegal payroll practices described herein and

5

possessing supervisory authority over Plaintiff, Defendant Werzberger and Rosenweig may be held individually liable under the NYLL.

30. In violation of the NYLL, Defendants failed to compensate Plaintiff Fernandez at the minimum wage or at 150% of his regular hourly rate (i.e., at least the NY Minimum Wage) for each hour worked over 40 in a workweek. Defendants also unlawfully failed to provide one hour of spread-of-hours payments on days when he worked in excess of 10 hours.

31. Pursuant to NYLL § 663(1), employers such as Defendants who fail to pay an employee wages in conformance with the NYLL shall be liable to the employee for all unpaid wages, liquidated damages equal to 100% of the unpaid wages, prejudgment interest, court costs, and attorney's fees incurred in recovering the unpaid wages.

## COUNT III
### WAGE NOTICE AND STATEMENT PENALTIES, NYLL § 198
### (Plaintiff v. Defendants)

32. All previous paragraphs are incorporated as though fully set forth herein.

33. NYLL § 195(1)(a) requires that at time of hire, employers provide their employees a written notice of the employee's "regular hourly rate and overtime rate of pay." *Id*. Defendants violated this requirement by failing to provide a notice with Plaintiff's correct regular hourly rate (i.e., NY Minimum Wage) for all hours worked.

34. NYLL § 195(3) requires that with each paycheck, employers provide employees with an accurate statement of "their regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." *Id*. Defendants violated this requirement by failing to provide in each of Plaintiff Fernandez' paystubs, the correct regular hourly rate (i.e., NY Minimum Wage), the correct number of hours worked in a week (approximately 72), and the spread-of-hours payment.

6

35. NYLL § 198 empowers employees to sue their employers for violations of NYLL § 195(1)(a) (up to a maximum of $5,000 per employee) and for violations of NYLL § 195(3) (up to a maximum of $5,000 per employee).

36. Plaintiff seeks the maximum allowed penalties, plus attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

A. Back pay damages (including unpaid compensation for all hours worked at the applicable minimum wage and overtime rate, as well as unpaid spread-of-hours payments) and prejudgment interest to the fullest extent permitted under the law;

B. Liquidated damages to the fullest extent permitted under the law;

C. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

D. Such other and further relief as this Court deems just and proper.

Dated: August 2, 2022

Respectfully Submitted,

/s/ James E. Goodley
James E. Goodley (NY Reg. No. 5724083)
Ryan P. McCarthy*
GOODLEY MCCARTHY
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorneys for Plaintiff*

*\* Pro Hac Vice Application Forthcoming*